Davidson, Appellant, *v.* Mylish.

Argued December 6, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and BARNES, JJ.

*Bertram U. Weinberg,* with him *Maurice G. Weinberg,* for appellant.

*Langdon W. Harris, Jr.,* of *Herman & Harris,* for appellee.

Per Curiam, January 6, 1936:

An examination of the entire record in this case fails to warrant us in sustaining appellant's assignments of error. Although the trial judge at times seems to have been somewhat persistent in questions asked the witnesses, we are unable to say his questions constituted error prejudicial to plaintiff. The charge fully and fairly submitted the questions involved to the jury. The judgment is affirmed on the following opinion by the trial judge refusing a new trial:

"This is an action in trespass arising out of a collision between a motorcycle driven by plaintiff and an automobile of the defendant. The accident occurred January 15, 1933, at the intersection of Fifty-second and Chestnut Streets. Plaintiff was driving east on Chestnut and defendant was traveling south on Fifty-second Street immediately before the accident. As a result of the collision plaintiff was thrown from his motorcycle and suffered bodily injury.

"As to the question of negligence there was the testimony of plaintiff and two witnesses, and that of the defendant in his own behalf. The jury returned a verdict in favor of defendant, which in the opinion of the court was justified by the evidence. Plaintiff moved for a new trial.

"The plaintiff bases his complaint on the examination and cross-examination by the court of certain witnesses who testified in his behalf, and who were produced for the purpose of establishing the extent and character of the injuries sustained. The testimony of these witnesses in many particulars was vague and indefinite, and in some respects contradictory. The court by its examination endeavored to secure a clear picture of the injuries and in its charge to the jury particularly emphasized the fact that they alone were to be the sole judges of the facts and that they were not to draw any inferences whatever from the fact that the court in an effort to clear up certain inconsistencies cross-examined several

of the plaintiff's witnesses. The jury, by its verdict, found against the plaintiff on the question of negligence. Therefore, the contention of the plaintiff regarding the severity of the trial judge in cross-examining his witnesses is immaterial because the jury would have to find in favor of the plaintiff before it could weigh the question of damages."

Judgment affirmed.